UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-77JMR/RLE

RECEIVED BY U.S. MAIL
2005 FEB 15 AM 9:13
CLERK, U.S. DIST COURT MINNEAPOLIS, MN

UNITED STATES OF AMERICA )
Plaintiff, )
v. ) ANSWER OF THE GARNISHEE (EARNINGS)
PAUL F. MIRAMONTES, )
Defendant, )
and )
POLARIS INDUSTRIES, )
Garnishee. )

Termed Employment 11/12/04

Polaris Industries, being duly sworn, deposes and says:

**I. TO BE COMPLETED BY ALL GARNISHEES:**

A: Identification of the Garnishee

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of ______________________.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of ______________________,
(Full name/address of partnership)
a partnership, of which Garnishee is a partner.

**If Garnishee is a corporation:**

That he/she is the ______________ of Garnishee, Polaris Industries
(Title) (Full name/
Inc. 2100 Hwy 55 Medina MN 55340, a corporation, organized under the
address of corporation)
laws of the State of Minnesota.

FEB 15 2005

B: Calculation of Amounts Subject to Garnishment

On ______________, 2004, Garnishee was served with the Writ of Continuing Garnishment. If, at any time during the pay period in effect when the Writ was served, the above-named defendant was employed by the garnishee or was owed earnings by the garnishee, proceed to Number 1 below. If, during that time, the above-named defendant was not employed by the garnishee and was not owed any earnings from the garnishee, proceed to Number II in this Answer of Garnishee.

1. Defendant's regular pay period is

_____ weekly _____ bi-weekly _____ semi-monthly _____ monthly

_____ other, explain _______________________________________.

Enter date present pay period began: ______________

Enter date present pay period ends: ______________

(Present pay period is the pay period during which this Writ was served.)

2. Calculate the defendant's disposable earnings for the present pay period:

a. Gross Income (includes salary wages, overtime, commissions, income trusts and all other income before any deductions) $____________

b. Federal Income Tax $____________

c. FICA Income Tax $____________

d. State Income Tax $____________

e. Total Withholdings (Total "b" through "d") $____________

f. **Disposable Earnings for <u>Present</u> Pay Period** (**Subtract** "e" from "a") $______________

If the figure on Line "f" above is less than $154.50 per week, write "no garnishment allowed for present pay period" on Line "g" below, and proceed to Number 4 in this Answer of Garnishee.

g. **Maximum earnings available for garnishment from the <u>present</u> pay period** (Multiply "f" times .25) $______________

If the earnings listed on Line "g" above are currently subject to previously-served garnishments or court orders, provide the information requested below. If the earnings listed on Line "g" above are <u>not</u> subject to any previously served garnishments/orders, write "$0.00" on Line "h" below previously served and proceed to Number 3.

| Description of Previously-Served Garnishments/Orders | Amount Taken Under Previously-Served Garnishments/Orders for Present Pay Period | Expiration Date of Previously-Served Garnishments/Orders |
|---|---|---|
| ______________ | (i) $______________ | ______________ |
| ______________ | (ii) $______________ | ______________ |
| ______________ | (iii) $______________ | ______________ |

h. **<u>Total</u> due for <u>present</u> pay period under previously-served garnishments/orders** (add (i) through (iii))

$ ______________

3. Determine the extent to which the earnings of the defendant for the <u>present</u> pay period are available for <u>this</u> garnishment:

a. Enter the amount listed on Line "2g" above (maximum earnings available for garnishment from the present pay period) $____________

b. Enter the amount listed on Line "2h" above (total due for present pay period under previously-served garnishments/orders) $____________

c. **Actual earnings available for this garnishment for the present pay period** (Subtract "3b" from "3a") $____________

If you do not claim an exemption, objection, defense or set-off to the amount entered on Line "3c" above, you must now retain that amount, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amount listed on Line "3c" above is not subject to this garnishment, indicate the reason for you contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available for this garnishment for the present pay period: ______________________________ ______________________________. The amount the garnishee contends is available for this garnishment from the present pay-period earnings is: $____________________.

4. As outlined previously in this Answer of Garnishee, determine the extent to which the future earnings of the defendant are available under this continuous garnishment:

| List Each Future Pay Period | List 25% (.25) of the Projected Disposable Earnings for Each Future Pay Period | List Total Amount Due Under Previously-Served Garnishments/Orders for Each Future Pay Period | List Actual Projected Earnings Available for This Garnishment from Each Future Pay Period (Subtract "c" from "b" for Each Pay Period) |
|---|---|---|---|
| a. ____________ | b. $____________ | c. $____________ | d. $____________ |
| ____________ | $____________ | $____________ | $____________ |
| ____________ | $____________ | $____________ | $____________ |

(Remember, this is a continuous garnishment and is immediately effective unless the amount now being paid out pursuant to previously-served garnishments and court orders equals or exceeds 25 percent of the debtor's disposable earnings. In those cases, and only in those cases, this Writ will be effective as soon as the amount now being paid out pursuant to previously-served garnishments and court orders drops below 25 percent of the debtor's disposable earnings. Then, this Writ will continue until such time as the entire debt balance has been paid in full, giving way only to subsequently-served support garnishments and support orders.)

If you do not claim an exemption, objection, defense or set-off to the amounts entered on Line "4" for future pay periods, you must retain those amounts, as they become available, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the defendant is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of

the amounts listed above on Line "4d" for any future pay period is not subject to this garnishment, indicate the reason for your contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available under this garnishment for the following pay period(s): ______________ ______________________ The amount the garnishee claims is available under this garnishment from each of the pay periods noted in the previous sentence is $ ______________, $__________________.

**II. COMPLETE THIS SECTION ONLY IF THE DEFENDANT IS NO LONGER EMPLOYED BY THE GARNISHEE.**

Last date the defendant worked as an employee of the garnishee 11-12-04__________.

Is the defendant eligible for rehire within 90 days of the date the Writ was served on the garnishee No________________.

**III. TO BE COMPLETED BY ALL GARNISHEES.**

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Defendant, at:

Paul F. Miramontes
XXXX XXXXX XX XXXX
Thief River Falls, MN 56701

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

______________________________
Garnishee

SUBSCRIBED and SWORN to before me this

____ day of __________________, 2004.

______________________________
NOTARY PUBLIC

STATEMENT TO GARNISHEE
RE: WAGE-GARNISHMENT

In wage-garnishment situations, you must withhold 25 percent of the judgment debtor's disposable earnings. Disposable earnings are those earnings left over after deducting withholdings required by law (e.g., taxes, social security and unemployment insurance; but not, e.g., health insurance and union dues.) However, under certain circumstances, Federal law does not permit the withholding of a full 25 percent of the judgment debtor's disposable earnings. See 15 U.S.C. §1673, et. seq. Those circumstances include:

1. When the judgment debtor's weekly disposable earnings are less than 30 times the current Federal minimum wage of $5.15 per hour, which equals $154.50, no wages may be taken under this garnishment. 29 U.S.C. §206(a)(1).

2. When deductions are already made from the judgment debtor's gross income, pursuant to court orders, for alimony, support or maintenance for family members or former spouses, and the total of those court-ordered deductions equals or exceeds 25 percent of the judgment debtor's disposable earnings, no wages may be taken under this garnishment. (Gross income includes salary, wages, overtime earnings, commissions, income trusts and all other income before any deductions are made from such income.)

3. When deductions are already being made from the judgment debtor's gross income, pursuant to court orders, for alimony, support or maintenance for family members or former spouses, and the total of those court-ordered deductions equals less than 25 percent of the judgment debtor's disposable earnings, wages may be taken under this garnishment. However, the amount of wages that may be taken under this garnishment, in this situation, is limited to the difference between the total of those court-ordered deductions and the dollar figure that represents 25 percent of the judgment debtor's disposable earnings.

Finally, as to wage-garnishment situations, pursuant to 15 U.S.C. §1674, you are prohibited from discharging the judgment debtor from employment because said debtor's earnings are being garnished.

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>United States of America | COURT CASE NUMBER<br>00-77 JMR/RLE |
| DEFENDANT<br>Paul F. Miramontes | TYPE OF PROCESS<br>Wage Garnishment |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Polaris Industries
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
2100 Highway 55, Medina, MN 55340 (763)417-8650

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| U.S. Attorney's Office<br>300 South Fourth Street, 600 U.S. Courthouse<br>Minneapolis, MN 55415<br>(612) 664-5600<br>Attn: Nancy Lair | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (***Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold

Fold

SERVE GARNISHEE FIRST

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Nancy Lair | [X] PLAINTIFF<br>[ ] DEFENDANT | 612-664-5656 | 2/3/05 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 41 | No. 41 | N Schmidt | 2/3/05 |

I hereby certify and return that I [ ] have personally served , [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | [ ] A person of suitable age and discretion then residing in defendant's usual place of abode | |
|---|---|---|
| Address *(complete only different than shown above)* | Date | Time [ ] am [ ] pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00